■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR SOTELO, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered October 16, 1989, by which defendant was convicted, after a jury trial, of criminal possession of a weapon in the second degree, and sentenced to a term of 7½ to 15 years in prison, unanimously affirmed.

The defendant was arrested and charged with the shooting death of Earl Carroll, an individual who was reputed to be a drug dealer. The prosecution's main witness was Albert Jones, a self described drug addict. Jones testified that he approached Earl Carroll at 8:00 A.M. on the morning of July 22, 1988, because he was "strung out" and paranoid after an entire night of smoking crack. Jones saw that the defendant and Carroll were arguing and went to see what the argument was about. After Jones heard the defendant accuse Carroll of lying, he saw the two men enter the vestibule of 758 East 168th Street. The defendant emerged from the vestibule and Carroll slammed the metal door of the vestibule behind him. According to Jones, the defendant had a long barreled revolver in his hand when he came out of the doorway. Defendant inserted the barrel of the weapon into the waist-high hole where the door knob should have been and fired one shot. Thereafter, the defendant walked down the steps, got into his car and drove away.

Defendant told the authorities that he had an argument with Earl Carroll in front of 758 East 168th Street in the early morning hours on July 22, 1988, after which he went upstairs to his apartment and got his .38 caliber revolver, which he had loaded with three bullets. Defendant stated that he returned downstairs and found Carroll in the vestibule of

the building with two women and a man named "Slim". The defendant stated that he pointed his revolver over the left shoulder of Carroll and pulled the trigger. The gun, however, did not fire both times defendant pulled the trigger.

Defendant's claim that the trial court improperly failed to instruct the jury concerning the offense of criminal possession of a weapon in the fourth degree as a lesser included offense of criminal possession of a weapon in the second degree, charged under the fourth count on the indictment herein, is meritless. Contrary to the defendant's argument, trial counsel did not specifically request the court to instruct the jury on criminal possession of a weapon in the fourth degree as a lesser included offense of criminal possession of a weapon in the second degree.

CPL 300.50 (2) requires the court, when requested by either party to do so, to give a lesser included charge for which there is a reasonable view of the evidence that would support a finding that defendant committed such an offense. Subdivision (1) of that section commits to the court's discretion whether or not to give such a charge absent such a request *(People v Ford,* 66 NY2d 428, 439-440).

To obtain a charge on a lesser included offense, a defendant must show that it is impossible to commit the greater crime without concomitantly committing the offense of the lesser degree by the same conduct, and that there is a reasonable view of the evidence that supports a finding that the defendant committed the lesser offense but not the greater. (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63.)

By statutory definition, criminal possession of a weapon in the fourth degree is a lesser included offense of criminal possession of a weapon in the second degree *(see, People v Vaccaro,* 44 NY2d 885, 886; CPL 1.20 [37]). However, where the culpable conduct charged is possession of a loaded firearm, the elements of criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree overlap *(People v Vaccaro,* 44 NY2d 885, 886, *supra).* Thus, even viewing the evidence in the light most favorable to the defendant for the purposes of the charge *(People v Martin,* 59 NY2d 704, 705), it is clear that there is no reasonable view of the evidence that would have allowed the jury to find that the defendant committed the lesser offense but not the greater. If the jury accepted the defendant's testimony that the gun did not work and concluded it was inoperable, it could not have convicted him of either fourth degree possession or second degree possession *(cf., People v Actie,* 99 AD2d 815).

The trial court's charge to the jury concerning the proof required to convict the defendant of criminal possession of a weapon in the second degree, read as a whole, conveyed the proper standard (see, People v Ford, 66 NY2d 428, supra), as the court stated a firearm must be readily capable of discharging shots or bullets.

The defendant's claims, with respect to the testimony of the arresting officer, were not properly preserved for appellate review (People v Gonzalez, 55 NY2d 720, 722, cert denied 456 US 1010). Further, the claim made on appeal that the trial court's curative instruction was too late, is similarly unavailing as the defense counsel helped fashion the curative instruction and thus did not object to it in any way (People v Lopez, 71 NY2d 662). Defendant's claim that the court precluded the defense from approaching the bench to adequately state the basis for his objections is belied by the record.

In any event, it is clear that the testimony was not hearsay. The detective did not testify that the individuals he interviewed identified the defendant or implicated him in any way as the perpetrator (compare, People v Lopez, 123 AD2d 399, affd 69 NY2d 975).

There is no basis to remand the matter for an investigation as to whether an undisclosed "deal" was made for the testimony of the prosecution's main witness, as the claim is based solely upon speculation. Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.