■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL THOMAS, Appellant. [602 NYS2d 686] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered November 18, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the first degree in connection with his armed robbery of the complainant at a Brooklyn laundromat. Three months after the incident, the complainant picked the defendant out of a lineup and identified him as the robber.

At trial, Detective Thomas Ward testified that prior to the defendant's arrest, he had filled out a "wanted card" for the defendant which he described as "a card that you fill out with the pedigree". Defense counsel moved for a mistrial on the basis of his testimony, and the court denied the motion. The defendant argues on appeal that Detective Ward's testimony

improperly suggested that there was additional evidence not presented at trial that led him to fill out a "wanted card" for the defendant.

Although it is error for the trial court to permit the prosecutor to elicit hearsay testimony from a witness that other nontestifying witnesses identified the defendant as a participant in the crime (see, People v Melendez, 55 NY2d 445, 452; People v Lopez, 123 AD2d 399, affd 69 NY2d 975), no such error was committed here. Detective Ward never specifically stated in his testimony that other nontestifying witnesses identified the defendant as having committed the crime (see, People v Polidore, 181 AD2d 835, 837). There was no testimony that any person who may have supplied information about the defendant to Detective Ward was an eyewitness to the crime.

In any event, Detective Ward's testimony that he completed a "wanted card" for the defendant was stricken from the record by the court in response to the objection of defense counsel. Since the court had instructed the jury during the trial that testimony stricken from the record was to be totally disregarded, it may not be assumed that the jury inferred that others who did not testify at trial identified the defendant.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.