■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN W. LYLE, Appellant. [633 NYS2d 570] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered April 16, 1993, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that his waiver of appellate review was knowingly, intelligently, and voluntarily made *(see, People v Callahan,* 80 NY2d 273). Moreover, as a condition of his plea of guilty the defendant withdrew all motions, both pending and decided *(see, People v Sebastian,* 197 AD2d 647). Therefore, the defendant's current challenges to the court's suppression ruling are not properly presented for review.

The defendant has not demonstrated that he received ineffective assistance of counsel. To the extent that the defendant's supplemental *pro se* brief raises contentions that are predicated upon documents which are not part of the record before the suppression court, they are not properly presented for our review *(see, People v Neal,* 205 AD2d 711). In any event, the Mount Vernon City Court records that the defendant claims his attorney should have utilized were not received until more than eight months after the denial of the defendant's suppression motion and plea of guilty. Therefore, his attorney clearly was not ineffective for failing to utilize documents that he did not possess, and which in any event do not support the defendant's claims *(see, People v Desir,* 138 AD2d 236).

To the extent they survive his waiver of appellate review,

the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.