■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HINCKSON, Appellant. [699 NYS2d 435] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered May 19, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was not denied his right to counsel at a lineup which occurred prior to the initiation of formal prosecutorial proceedings (*see, Kirby v Illinois,* 406 US 682, 688-689; *People v Wilson,* 89 NY2d 754, 758). Although the defendant was represented by counsel in an unrelated narcotics case, at the time the lineup for the instant homicide investigation was conducted, that attorney was not formally assigned to represent the defendant in this case and the defendant did not request an attorney. Under these circumstances, there was no violation of the defendant's right to counsel (*see, People v Sanchez,* 222 AD2d 718; *People v Lockhart,* 220 AD2d 690).

The defendant was charged with the shooting death of a neighborhood youth. At trial, the court's charge permitted the jury to make a determination that the defendant caused the victim's death, either acting alone, or in concert with another. The defendant contends that his conviction should be reversed because the jury's finding of guilt could have been based on a theory of accomplice liability, and the People failed to prove such a theory by legally sufficient evidence. Contrary to his contentions, the evidence was legally sufficient to find that he possessed the requisite intent to murder the victim, and intentionally aided another to commit this act. In any event, where, as here, a general verdict has been rendered and there are several lawful grounds upon which the jury could have reached that verdict, even if one of those grounds lacks support

in the evidence, it may be presumed that the jury reached its determination upon the factually sufficient grounds (*see, Griffin v United States,* 502 US 46, 51; *People v Giordano,* 87 NY2d 441, 451).

The defendant's contention that the trial court erred in failing to instruct the jury on evaluating testimony regarding flight as evidence of consciousness of guilt is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, in view of the overwhelming evidence of the defendant's guilt, any error was harmless (*see, People v John,* 221 AD2d 564).

To the extent that the defendant complains about comments made by the prosecutor during summation, the defendant either did not object, made only general objections, or his objections were sustained without any further request for curative instructions or a timely motion for a mistrial (*see,* CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852; *People v Persaud,* 237 AD2d 538). In any event, the prosecutor's remarks were either fair comment on the evidence and the legitimate inferences to be drawn therefrom, or fair response to the defense counsel's summation (*see, People v Oreckinto,* 253 AD2d 896).

The defendant's remaining contentions are without merit. Friedmann, J. P., Florio, Schmidt and Smith, JJ., concur.