■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNALDO RODRIGUEZ, Appellant. [743 NYS2d 307] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (J. Goldberg, J.), rendered September 15, 1998, convicting him of murder in the second degree, assault in the first degree, attempted robbery in the first degree (two counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record supports the finding of the hearing court that there was probable cause for his arrest, and that his statements to the police were voluntarily made (*see People v Williams,* 62 NY2d 285; *People v Huntley,* 15 NY2d 72). Although the defendant's arrest stemmed from the confidential tip of an informant whose identity was withheld, and the Supreme Court assessed the informant's reliability in camera, we are satisfied that the procedural safeguards under *People v Darden* (34 NY2d 177, 181) were sufficiently followed so that the defendant was not denied due process (*cf. People v Edwards,* 95 NY2d 486, 491).

The defendant also contends that the People failed to prove at trial the voluntariness of his statements to law enforcement officials. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove the voluntariness of the defendant's statements and his guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power,

we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The Supreme Court properly precluded the defendant from introducing evidence of third-party culpability at trial, since the proffered evidence was both inadmissible as hearsay and lacking in any probative value (*see People v Primo,* 96 NY2d 351; *People v Otero,* 288 AD2d 67).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.