■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYVON THOMAS, Appellant. [750 NYS2d 417] —Appeal from a judgment of Supreme Court, Erie County (Wolfgang, J.), entered April 18, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]) arising from the shooting of two men outside a bar in Buffalo. We reject defendant's contention that several eyewitnesses to the shootings lacked credibility and thus that the verdict is against the weight of the evidence. "Great deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley,* 69 NY2d 490, 495). We further reject the contention of defendant that he was denied effective assistance of counsel. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi,* 54 NY2d 137, 147; *see People v Benevento,* 91 NY2d 708, 711-713). Defendant failed to demonstrate the absence of a strategic reason for defense counsel's failure to present a justification defense (*see*

*Benevento,* 91 NY2d at 712-713); indeed, we note that the defense presented by defense counsel was that the eyewitnesses had mistakenly identified defendant. Furthermore, defense counsel's failure to request a missing witness charge does not constitute ineffective assistance of counsel. "Absent proof 'that such witness would have provided noncumulative testimony which was favorable to him', there was no basis for such a charge" (*People v Durham,* 248 AD2d 820, 823, *lv denied* 91 NY2d 972). The further contention of defendant that defense counsel denied him the right to testify involves matters outside the record and thus is properly raised by way of a motion pursuant to CPL 440.10 (*see generally People v Speed,* 226 AD2d 1090, 1091, *lv denied* 88 NY2d 969). We have considered defendant's remaining contentions with respect to defense counsel's alleged failure to provide meaningful representation and conclude that they are without merit.

Defendant failed to preserve for our review his contentions that the conviction of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the second degree (former § 265.03) must be vacated because those crimes are lesser included offenses of other crimes of which he was convicted (*see* CPL 470.05 [2]). In any event, defendant's contentions lack merit. With respect to each count, the greater offense could be committed without concomitantly committing the lesser offense, and thus neither is a lesser included offense of the greater offense (*see People v Glover,* 57 NY2d 61, 63).

Defendant also failed to preserve for our review his contention that a juror was asleep during the trial (*see* CPL 470.05 [2]; *see generally People v Gray,* 86 NY2d 10, 19). In any event, the record does not support defendant's contention (*see People v Pulley,* 290 AD2d 321, 321-322, *lv denied* 98 NY2d 712). The sentence is neither unduly harsh nor severe. Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ.