THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE NEWLAND, Appellant. [775 NYS2d 308]—

Judgment, Supreme Court, New York County (Ira Beal, J.), rendered February 11, 2002, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

The court properly admitted a police officer's brief testimony that, while canvassing for possible witnesses to a burglary, he spoke to a person across the street from the site of the burglary, who was not a witness to the crime, and that, as a result of an unspecified conversation with this person, he searched a shopping cart left directly outside the burglarized premises and found papers bearing defendant's name. Even assuming that this testimony conveyed an implicit assertion by a nontestifying declarant, it was not received for its truth, but as background evidence to complete the narrative of events and explain why the officer looked in the cart (*see People v Tosca*, 98 NY2d 660 [2002]; *People v Rivera*, 96 NY2d 749 [2001]).

Furthermore, this evidence did not violate defendant's right

of confrontation. Since "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused" (*Crawford v Washington*, 541 US —, —, 124 S Ct 1354, 1363 [2004]), the Clause was not directed at hearsay in general, but at "testimonial" statements, which include, among other things, "interrogations by law enforcement officers" (541 US at —, 124 S Ct at 1365). We conclude that a brief, informal remark to an officer conducting a field investigation, not made in response to "structured police questioning" (*id.* n 4) should not be considered testimonial, since it "bears little resemblance to the civil-law abuses the Confrontation Clause targeted" (541 US at —, 124 S Ct at 1364).

In any event, even if we were to find the challenged evidence to be a testimonial statement, we would find no constitutional violation, since the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted" (541 US at — n 9, 124 S Ct at 1369 n 9). As previously stated, the evidence was relevant for purposes other than its truth, and there was no danger that the jury, which was made aware that the declarant did not witness the burglary, would treat this evidence as an accusation by a nontestifying witness (*see United States v Reyes*, 18 F3d 65, 70-71 [1994]). Finally, defendant's claim that the court should have given a limiting instruction is unpreserved and we decline to review it in the interest of justice.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.