■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JIGGETTS, Appellant. [806 NYS2d 596]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 21, 2002, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court improperly failed to charge the jury regarding flight is unpreserved for appellate review because the defendant neither requested such a charge nor objected to the court's failure to so charge (*see* CPL 470.05 [2]; *People v Burks*, 272 AD2d 476, 477 [2000]; *cf. Up-Front Indus. v U.S. Indus.*, 63 NY2d 1004 [1984]). In any event, any error in failing to charge the jury regarding flight was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Gilmore*, 66 NY2d 863, 867 [1985]; *People v Hinckson*, 266 AD2d 404, 405 [1999]; *People v Rodriguez*, 135 AD2d 586, 587 [1987]).

To the extent that the defendant complains that the prosecutor unduly emphasized his flight during summation, the defendant failed to object to these comments at trial and, thus, failed to preserve the issue for appellate review (*see* CPL 470.05 [2]; *People v Tardbania*, 72 NY2d 852 [1988]; *People v Hinckson, supra* at 405). In any event, "the prosecutor's remarks were either fair comment on the evidence and the legitimate inferences to be drawn therefrom, or fair response to the defense counsel's summation" (*id.*). Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.