■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESAU BARBOZA, Appellant. [805 NYS2d 657]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered August 2, 2002, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied due process and the right of confrontation by the testimony of a police detective is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Garcia*, 2 AD3d 321, 322 [2003]). In any event, the contention is without merit. The detective's testimony that he interviewed certain nontestifying individuals who did not witness any part of the crime was elicited not for its truth, but to explain the sequence of events leading up to the defendant's arrest at a specific location (*see People v Newland*, 6 AD3d 330 [2004]). Moreover, there was no suggestion that these individuals implicitly accused, or even possessed sufficient information to implicate, the defendant in the commission of the crime. Accordingly, "there was no danger that the jury . . . would treat this evidence as an accusation by a nontestifying witness" (*id.* at 331; *see People v Nicholas*, 1 AD3d 614 [2003]; *People v Thomas*, 197 AD2d 649, 650 [1993]; *People v Polidore*, 181 AD2d 835, 837 [1992]).

The defendant failed to preserve for appellate review his contention that a supplemental charge given after receiving a note from the jury was unbalanced and coercive (*see People v Ali*, 301 AD2d 609 [2003]). Moreover, the court responded meaningfully and properly to the note, and the defendant was not prejudiced by the response (*see People v Battle*, 15 AD3d 413, 414 [2005], *lv denied* 5 NY3d 785 [2005]; *People v Smith*, 255 AD2d 404, 405 [1998]), nor was an *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) warranted under the circumstances.

The defendant's remaining contention is without merit. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.