THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CARRIERI, Appellant. [854 NYS2d 427]—

Contrary to the defendant's contention, the record supports the finding of the hearing court that there was probable cause for his arrest (*see People v Nieves,* 26 AD3d 519, 520 [2006]; *People v Rios,* 11 AD3d 641, 642 [2004]; *People v Paden,* 158 AD2d 554, 555 [1990]). The defendant's arrest was the result of information provided by a confidential informant and the hearing court properly assessed the informant's reliability in camera, sufficiently following the procedural safeguards set forth in *People v Darden* (34 NY2d 177, 181 [1974]; *see People v Rodriguez,* 295 AD2d 456 [2002]). The defendant's contention that the confidential informant's identity should have been disclosed at the suppression hearing is not preserved for appellate review (*see People v Rushie,* 162 AD2d 733, 734 [1990]) and, in any event, is without merit under the circumstances of this case (*see People v Darden,* 34 NY2d 177, 182 [1974]; *People v Goggins,* 34 NY2d 163, 168 [1974], *cert denied* 419 US 1012 [1974]; *People v Carpenito,* 171 AD2d 45, 48-49 [1991], *affd* 80 NY2d 65 [1992]).

The trial court providently exercised its discretion in denying, without a hearing, the defendant's application to permit testimony of an expert in the field of cross-racial identification. New York courts evaluate the admissibility of novel evidence under the *Frye* test (*see Frye v United States,* 293 F 1013 [1923]; *People v Wernick,* 89 NY2d 111 [1996]; *Parker v Mobil Oil Corp.,* 7 NY3d 434 [2006]), pursuant to which the testimony must be based on principles that are generally accepted in the relevant scientific community (*see People v LeGrand,* 8 NY3d 449 [2007]; *People v Wernick,* 89 NY2d at 111; *People v Wesley,* 83 NY2d 417 [1994]). Here, the testimony proffered by the defendant did not include any basis upon which this standard could be satisfied at a hearing (*People v Young,* 7 NY3d 40, 45 [2006]; *People v Austin,* 46 AD3d 195 [2007]).

The trial court's minimal questioning of the defendant was solely for the purpose of clarifying issues and proof, and ensuring the orderly and expeditious progress of the trial (*see People*

*v Yut Wai Tom,* 53 NY2d 44 [1981]; *People v Todd,* 306 AD2d 504, 505 [2003]; *People v Fauntleroy,* 258 AD2d 664, 665 [1999]). Furthermore, any potential prejudice to the defendant was minimized by the trial court's instructions to the jury *(see People v Bembury,* 14 AD3d 575 [2005]).

Although it would have been error for the trial court to have permitted the prosecutor to elicit hearsay testimony from a witness that other nontestifying witnesses identified the defendant as a participant in the crime *(see People v Johnson,* 7 AD3d 732, 733 [2004]; *People v Jones,* 305 AD2d 698, 699 [2003]; *People v Williams,* 198 AD2d 249 [1993]), no such testimony was elicited here *(see People v Barboza,* 24 AD3d 460, 461 [2005]; *People v Nicholas,* 1 AD3d 614 [2003]; *People v Thomas,* 197 AD2d 649, 650 [1993]).

The defendant's contention that he was deprived of a fair trial because of certain remarks made by the prosecutor during summation is unpreserved for appellate review, as defense counsel did not object to some of the challenged remarks, made general one-word objections to others, and did not move for a mistrial or request curative instructions when the objections were sustained *(see People v Gillespie,* 36 AD3d 626, 627 [2007]; *People v Eugene,* 27 AD3d 480, 481 [2006]). In any event, the challenged remarks were either fair comment on the evidence, permissive rhetorical comment, or responsive to the defense counsel's summation *(see People v Garner,* 27 AD3d 764 [2006]; *People v Filipe,* 7 AD3d 539, 540 [2004]).

The defendant was not denied his right to effective assistance of counsel *(see People v Green,* 41 AD3d 862, 863 [2007], *lv denied* 9 NY3d 961 [2007]; *People v Bethea,* 34 AD3d 489 [2006]). Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.