■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC TUCKER, Appellant. [866 NYS2d 209]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Eng, J.), rendered April 2, 2004, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in admitting into evidence a police detective's testimony that the defendant became a suspect after the detective spoke with nontestifying individuals who did not witness the crime. As this testimony was elicited not for the truth of the matter asserted, but to explain the sequence of events leading to the defendant's arrest, it did not violate the defendant's right to confront witnesses (*see People v Reynolds,* 46 AD3d 845 [2007]; *People v Dean,* 41 AD3d 495 [2007]; *People v Ruis,* 11 AD3d 714 [2004]). "Moreover, there was no suggestion that these individuals implicitly accused, or even possessed sufficient information to implicate, the defendant in the commission of the crime" (*People v Barboza,* 24 AD3d 460, 461 [2005]). Accordingly, there was no danger that the jury "would treat this evidence as an accusation by a nontestifying witness" (*People v Newland,* 6 AD3d 330, 331 [2004]; *People v Barboza,* 24 AD3d at 461; *People v Nicholas,* 1 AD3d 614 [2003]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.