■■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR WASHINGTON, Appellant. [896 NYS2d 874]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered August 28, 2007, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court's jury instruction regarding robbery in the first degree was erroneous is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Williams*, 38 AD3d 925, 926 [2007]), as is his challenge to the legal sufficiency of the evidence (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). We decline to review those contentions in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

In reviewing the defendant's claim of ineffective assistance of counsel, raised in his supplemental pro se brief, our focus must be on the " 'fairness of the process as a whole' " (*People v Henry*, 95 NY2d 563, 566 [2000], quoting *People v Benevento*, 91 NY2d 708, 714 [1998]), and we must determine whether defense counsel's conduct constituted egregious and prejudicial error such that the defendant did not receive a fair trial (*see People v Benevento*, 91 NY2d at 713; *People v Flores*, 84 NY2d 184, 188-189 [1994]). Here, the defendant received a fundamentally fair trial, and reversal is not warranted based on ineffective assistance of counsel.

The defendant's remaining contention, raised in his supplemental pro se brief, that the Supreme Court effectively deprived him of his right to testify, is based on matter dehors the record and is thus not reviewable on direct appeal (*see People v Gonzalez*, 44 AD3d 871, 872 [2007]; *see also People v Borthwick*, 51 AD3d 1211 [2008]; *People v Thomas*, 299 AD2d 942 [2002]). Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.