THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY DUNBAR, Appellant. [905 NYS2d 222]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered August 15, 2007, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant, who testified at trial that he was formerly a member of the "Bloods" street gang, was convicted of shooting

the complainant multiple times after confirming that the complainant was a member of the "Crips" street gang. The complainant identified the defendant in a photo array and at a lineup. The complainant also identified the shooter as having been in a wheelchair at the time of the shooting.

The defendant was not deprived of a fair trial by the Supreme Court permitting the prosecutor to elicit testimony that the defendant had previously been shot and therefore had been utilizing a wheelchair during the time period when the shooting took place. Despite a stipulation on the record that the defendant had been periodically utilizing a wheelchair during the time of the shooting, the defendant testified that he had stopped utilizing a wheelchair a week and a half prior to the shooting. The prosecutor was properly allowed to rebut the defendant's testimony on cross-examination. By eliciting testimony that the defendant had previously been shot, the prosecutor did not present any evidence of an uncharged crime or bad act of the defendant (*cf. People v Hudy*, 73 NY2d 40, 54 [1988]; *People v Alvino*, 71 NY2d 233, 241 [1987]). The probative value of this testimony outweighed the potential prejudicial effect (*see generally People v Giuca*, 58 AD3d 750 [2009]). Furthermore, to the extent that the prosecutor attempted to establish that the prior shooting was gang-related, this was particularly relevant to prove motive, intent, and the relationship between the defendant and the complainant (*see People v Ramirez*, 23 AD3d 500 [2005]; *People v Oliver*, 19 AD3d 512 [2005]). The prosecutor's summation remarks concerning the prior shooting constituted fair comment on the evidence or fell within the broad bounds of rhetorical comment, and were not so pervasive as to have exceeded all permissible bounds (*see generally People v Torres*, 71 AD3d 1063 [2010]; *cf. People v Correal*, 160 AD2d 85 [1990]).

The defendant's claim that it was error for the Supreme Court to have allowed the prosecutor to elicit testimony that the police had learned the name "Tony" during the investigation is without merit. That testimony explained the course of events during the investigation and there was no testimony that a witness actually implicated the defendant as the perpetrator (*see People v Tucker*, 54 AD3d 1065 [2008]; *People v Carrieri*, 49 AD3d 660, 662 [2008]; *People v Reynolds*, 46 AD3d 845 [2007]; *People v Nicholas*, 1 AD3d 614 [2003]; *cf. People v Latta*, 295 AD2d 449 [2002]).

The defendant challenges the prosecutor's summation remarks concerning his assertion that he was not in a wheelchair at the time of the shooting and further contends that the prosecutor improperly vouched for the testimony of police wit-

nesses during summation. However, to the extent the prosecutor's remarks were improper, they were "not so flagrant or pervasive as to deny the defendant a fair trial" (*People v Almonte*, 23 AD3d 392, 394 [2005]; *see People v Roopchand*, 107 AD2d 35, 36-37 [1985]), and thus reversal is not warranted (*see People v Almonte*, 23 AD3d at 394).

The defendant's claim that he was denied the effective assistance of counsel because his trial counsel failed to investigate and call witnesses for the defense is based upon matters dehors the record and, as such, is not properly presented on direct appeal (*see People v Haynes*, 39 AD3d 562, 564 [2007]). The defendant's additional claims of ineffective assistance of counsel are without merit (*see People v Washington*, 71 AD3d 1064 [2010]).

The defendant's claim that the lineup procedure was unduly suggestive because he was the only participant wearing a striped shirt is without merit. There was nothing to suggest that the lineup procedure created a substantial likelihood that the defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

It was error for the Supreme Court to permit the prosecutor to elicit testimony regarding the defendant's former nicknames when he was a member of the "Bloods." However, any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *cf. People v Heman*, 198 AD2d 434, 435 [1993]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.