THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL BRODY, Appellant. [918 NYS2d 158]—

The defendant contends that he was deprived of the right to confront a witness against him when the prosecutor elicited testimony from a police officer that the officer interviewed a

nontestifying witness regarding whether she had been with the defendant on the date of the crime. This contention is without merit, since the Supreme Court did not permit any hearsay testimony regarding the statements of the nontestifying witness to the police officer and there was no danger that the jury could infer that the nontestifying witness possessed information which could implicate the defendant (*see People v Tucker*, 54 AD3d 1065, 1066 [2008]; *People v Barboza*, 24 AD3d 460, 461 [2005]).

The defendant's contentions that the prosecutor elicited testimony from an eyewitness and from police officers which improperly bolstered the testimony of the eyewitness are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, some of the testimony elicited from the police officers was properly admitted as background information to explain the events that led to the defendant's arrest (*see People v Flournoy*, 303 AD2d 762 [2003]), and other testimony elicited from the eyewitness and a police officer was properly admitted to explain and clarify matters first raised and only partially explored during defense counsel's examination of those witnesses (*see People v Williams*, 43 AD3d 414 [2007]; *People v Goodson*, 35 AD3d 760 [2006]). To the extent that testimony concerning a police radio transmission may have constituted improper bolstering, any error was harmless, since the evidence of the defendant's guilt, without reference to the improper testimony, was overwhelming and there was no significant probability that, but for the error, the jury would have acquitted the defendant (*see People v Johnson*, 57 NY2d 969, 971 [1982]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Herndon*, 47 AD3d 837 [2008]; *People v White*, 210 AD2d 271 [1994]).

The defendant did not preserve for appellate review his present contention that the Supreme Court improperly failed to charge the jury on the limited probative value of flight evidence because he neither requested such a charge nor objected to the court's failure to so charge (*see* CPL 470.05 [2]; *People v Jiggetts*, 23 AD3d 582 [2005]). In any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that but for the error, the jury would have acquitted the defendant (*see People v Crimmins*, 36 NY2d at 241-242; *People v Jiggetts*, 23 AD3d at 582).

The defendant's contention that certain remarks made by the prosecutor during his summation were improper and deprived him of a fair trial is unpreserved for appellate review, as he either did not object to the comments (*see People v Anderson*, 24 AD3d 460 [2005]; *People v Williams*, 303 AD2d 772 [2003]), or made only general objections (*see People v Franklin*, 64 AD3d

614 [2009]; *People v Boyce*, 54 AD3d 1052 [2008]). In any event, most of the remarks were responsive to the arguments presented in defense counsel's summation (*see People v Clarke*, 65 AD3d 1055 [2009]). To the extent that some remarks were improper, they were not so egregious or pervasive as to deprive the defendant of a fair trial (*see People v Porco*, 71 AD3d 791, 794 [2010], *lv granted* 15 NY3d 854 [2010]).

As the People correctly concede, the defendant was improperly sentenced as a second violent felony offender on his conviction for criminal possession of a weapon in the second degree because his prior conviction of attempted assault in the second degree is not classified as a violent felony offense pursuant to Penal Law § 70.02 (*see People v Fermin*, 36 AD3d 934, 937 [2007]). Accordingly, the judgment must be modified by vacating the sentence imposed on that conviction and remitting the matter to the Supreme Court, Queens County, so that the defendant may be resentenced on that count. The defendant's remaining contentions regarding sentencing are without merit. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.