The People of the State of New York, Respondent,
against
David Rosas, Appellant.




Appellate Advocates (Paul Skip Laisure), for appellant.
Kings County District Attorney (Leonard Joblove and Diane R. Eisner of counsel ), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John T. Hecht, J.), rendered July 23, 2015. The judgment convicted defendant, after a nonjury trial, of attempted criminal obstruction of breathing or blood circulation, attempted assault in the third degree (two counts), menacing in the third degree (two counts), harassment in the second degree (two counts), and attempted criminal mischief in the fourth degree.




ORDERED that the judgment of conviction is modified, on the law, by vacating the sentences imposed upon the convictions of attempted assault in the third degree (count 5), menacing in the third degree (count 6) and attempted criminal mischief in the fourth degree (count 7); as so modified, the judgment of conviction is affirmed, and the matter is remitted to the Criminal Court for resentencing on those convictions in accordance with this decision and order.
Defendant was charged in a prosecutor's information with eight counts arising from two separate incidents, one on August 16, 2014 and one on November 7, 2014. With respect to the November 2014 incident, defendant was charged with attempted criminal obstruction of breathing or blood circulation (Penal Law §§ 110.00, 121.11 [a]) (count 1), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) (count 2), menacing in the third degree (Penal Law § 120.15) (count 3), and harassment in the second degree (Penal Law § 240.26 [1]) (count [*2]4). With respect to the August 2014 incident, defendant was charged with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) (count 5), menacing in the third degree (Penal Law § 120.15) (count 6), attempted criminal mischief in the fourth degree (Penal Law §§ 110.00, 145.00 [1]) (count 7), and harassment in the second degree (Penal Law § 240.26 [1]) (count 8). Following a nonjury trial, defendant was found guilty on all counts and was sentenced to concurrent terms of imprisonment on count 1 (three months), count 2 (three months), count 3 (three months), count 4 (15 days), and count 8 (15 days). He was also sentenced to consecutive terms of imprisonment on count 5 (three months), count 6 (three months), and count 7 (30 days).
On appeal, defendant contends that the evidence was legally insufficient; that the verdict was against the weight of the evidence; that the Criminal Court's denial of his request for a missing witness charge based on the People's failure to call the complainant's sister and brother-in-law as witnesses deprived him of his right to due process; that the sentences imposing the consecutive terms of imprisonment are illegal because, prior to imposing the consecutive terms aggregating more than 90 days, the Criminal Court failed to obtain a presentence report; and that all of the sentences are excessive. 
Upon a review of the record, we find that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), was legally sufficient to establish defendant's guilt of all of the counts beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
As defendant failed to show that the complainant's sister and brother-in-law could have been expected to provide noncumulative testimony favorable to defendant (see People v Gonzalez, 68 NY2d 424, 427 [1986]; People v Savinon, 100 NY2d 192, 197 [2003]), there was no basis for a missing witness charge (see People v Thomas, 299 AD2d 942, 943 [2002]; People v Savinon, 100 NY2d at 197).
With respect to sentences imposed on misdemeanor convictions, CPL 390.20 (2) (c) requires that the sentencing court obtain a presentence report prior to sentencing a defendant to "[c]onsecutive sentences of imprisonment with terms aggregating more than ninety days." It is uncontroverted that the Criminal Court did not obtain such a report prior to sentencing defendant, and the record does not indicate that defendant ever waived a presentence report pursuant to CPL 390.20 (4). Consequently, the sentences imposed upon the convictions of attempted assault in the third degree (count 5), menacing in the third degree (count 6) and attempted criminal mischief in the fourth degree (count 7), with their aggregate of more than 90 days of consecutive terms of imprisonment, must be vacated (see People v Graci, 275 AD2d 421 [2000]; People v Duarte, 2002 WL 31962637, *1 [App Term, 2d Dept, 2d & 11th Jud Dists, Sept. 25, 2002, No. 2001-1686 K CR]). In view of the foregoing, defendant's excessive sentence contention with respect to the sentences imposed on his convictions of counts 5, 6 and 7 has been rendered academic. We find that the remaining sentences imposed were not excessive (see People v [*3]Suitte, 90 AD2d 80 [1982]).
Accordingly, the judgment of conviction is modified by vacating the sentences imposed upon the convictions of attempted assault in the third degree (count 5), menacing in the third degree (count 6) and attempted criminal mischief in the fourth degree (count 7), and the matter is remitted to the Criminal Court for resentencing on those convictions.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 02, 2018