People v Shannon (2019 NY Slip Op 09034)





People v Shannon


2019 NY Slip Op 09034


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2013-11109
 (Ind. No. 1167/10)

[*1]The People of the State of New York, respondent,
v
Allen Shannon, appellant.


Paul Skip Laisure, New York, NY (A. Alexander Donn of counsel), for appellant, and appellant pro se.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered November 14, 2013, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the defendant's contention that the Supreme Court should not have allowed a witness to testify as to the statements she made to the police regarding the substance of her communication with the defendant. The admission into evidence of this prior consistent statement impermissibly bolstered the witness's earlier account of the substance of her communication with the defendant, because there had been no impeachment of the witness with the statement and no charge had been made of a recent fabrication (see People v Cheek, 163 AD2d 580; People v Dillard, 117 AD2d 817). However, the admission of this statement was harmless error, as there was overwhelming evidence of the defendant's guilt and no significant probability that the jury would have acquitted the defendant if the testimony had been excluded (see People v Crimmins, 36 NY2d 230).
We agree with the Supreme Court's determination to allow a witness to testify to the substance of a particular statement used to refresh her recollection. The statement was not admitted into evidence; rather, the witness gave her oral version of the events after her memory was refreshed (see People v Abair, 134 AD2d 743; People v Tyrrell, 101 AD2d 946; People v Raja, 77 AD2d 322).
The defendant failed to preserve for appellate review his contention that the Supreme Court should have charged the jury that it was not to draw an adverse inference from the fact that the defendant was on parole (see CPL 470.05[2]). Defense counsel sought and received a curative instruction to the jury that it was not to draw any inference from the defendant's parole status. Although the court failed to recharge the jury even though the court stated that it would do so, the defendant neither requested the recharge nor objected to the court's failure to give the recharge (see CPL 470.05 [2]; People v Brody, 82 AD3d 784; People v Jiggetts, 23 AD3d 582). In any event, any error was harmless because there was overwhelming evidence of the defendant's guilt and no significant probability that but for the error, the defendant would have been acquitted (see People v Crimmins, 36 NY2d at 241-242).
The defendant likewise failed to preserve for appellate review his contention that the Supreme Court should have instructed the jury that the defendant was not accused of causing the decedent child's prior rib injuries (see CPL 470.05[2]). After the court's final charge, the court held a sidebar with the parties and then reported that there were no exceptions to the charge by either party and no request for additional charges by either party. In any event, any error was harmless because there was overwhelming evidence of the defendant's guilt and no significant probability that but for the error, the jury would have acquitted the defendant (see People v Crimmins, 36 AD2d at 242-242).
The defendant also failed to preserve for appellate review his contention that the Supreme Court gave an unbalanced Allen charge (see Allen v United States, 164 US 492; CPL 470.05[2]). In any event, the defendant's contention is without merit. Although the court's charge did not expressly instruct that each juror was entitled to maintain conscientiously held opinions, the charge as a whole was balanced, proper, and encouraging, rather than coercive (see People v Ford, 78 NY2d 878; People v Pagan, 45 NY2d 725). At no point did the court urge that a dissenting juror abandon his or her own convictions and join in the opinion of others, attempt to shame the jurors into reaching a verdict, or endeavor to compel the jurors to agree upon a particular result (see People v Kinard, 215 AD2d 591; People v Fleury, 177 AD2d 504; People v Austin, 168 AD2d 502).
The defendant's contention that the prosecutor made improper comments during his summation does not require reversal. The challenged comments constituted fair response to the defense's summation, fair comment on the evidence and the inferences to be drawn therefrom, or were within the broad bounds of rhetorical comment permissible during summation (see People v Galloway, 54 NY2d 396, 400; People v Saunders, 127 AD3d 1111; People v Dobbins, 123 AD3d 1140). To the extent that the prosecutor exceeded the bounds of permissible rhetorical comment, any error was harmless (see People v Crimmins, 36 NY2d at 241-242; People v Torres, 72 AD3d 709).
The defendant's contention that counsel was ineffective, raised in his pro se supplemental brief, is not reviewable, because it depends, in part, upon a particular Family Court record, which was not admitted into evidence at trial and is not a part of the record on appeal (see People v Harden, 6 AD3d 181; People v Brown, 233 AD2d 764; People v Lyle, 221 AD2d 475). Moreover, to the extent that the defendant's claim of ineffective assistance of counsel is based on defense counsel's failure to use certain evidence, adequately investigate, or call certain witnesses, such claim is based on matter dehors the record and the proper vehicle for advancing that claim is a CPL article 440 motion (see People v King, 115 AD3d 986; People v Zappulla, 103 AD3d 759; People v Freeman, 93 AD3d 805).
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court