People v Reid (2022 NY Slip Op 00279)





People v Reid


2022 NY Slip Op 00279


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Ind. No. 2845/17 Appeal No. 15097 Case No. 2019-03535 

[*1]The People of the State of New York, Respondent,
v
Raymond Reid, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Kenneth I. Crouch of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered May 8, 2019, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to concurrent terms of seven years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]). The police had probable cause to arrest defendant based on their observations of what reasonably appeared to be a drug transaction.
Defendant did not preserve his challenge to an officer's testimony that the alleged buyer spontaneously admitted having on his person the drugs he bought, and we decline to review it in the interest of justice. As an alternate holding, we find no basis for reversal. There was no Confrontation Clause violation because the testimony was not received for its truth, but to complete the narrative and explain police actions (see People v Newland, 6 AD3d 330 [1st Dept 2004], lv denied 3 NY3d 679 [2004]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022