People v Jean-Jacques (2025 NY Slip Op 01819)

People v Jean-Jacques

2025 NY Slip Op 01819

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2018-05449
 (Ind. No. 5887/15)

[*1]The People of the State of New York, respondent,
v
Migly Jean-Jacques, appellant.

Patricia Pazner, New York, NY (Yaniv Kot and Alexa Askari of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered March 14, 2018, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (William M. Harrington, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed.
In July 2015, the defendant shot and killed another man from behind. In the course of the police investigation into the homicide, the defendant made oral and videotaped statements to law enforcement officials, after waiving his Miranda rights (see Miranda v Arizona, 384 US 436). In an omnibus motion, the defendant moved, inter alia, to suppress statements he made to law enforcement officials. The Supreme Court, among other things, denied that branch of the defendant's omnibus motion after a hearing. Following a jury trial, the defendant was convicted of manslaughter in the first degree and criminal possession of a weapon in the second degree. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the oral and videotaped statements made to law enforcement officials after he was advised of his Miranda rights. "At a hearing to suppress statements made to law enforcement officials, the People have the burden of demonstrating, beyond a reasonable doubt, that the defendant's statements were voluntary and, if applicable, that the defendant knowingly, intelligently, and voluntarily waived his or her Miranda rights prior to making the statements" (People v Loucks, 125 AD3d 890, 890 [citations omitted]; see Miranda v Arizona, 384 US at 444; People v Williams, 62 NY2d 285, 288-289; People v Huntley, 15 NY2d 72). "Whether a defendant knowingly and intelligently waived his or her rights to remain silent and to an attorney is determined upon an inquiry into the totality of the circumstances surrounding the interrogation" (People v Santos, 112 [*2]AD3d 757, 758 [internal quotation marks omitted]; see People v Stevens, 203 AD3d 1181, 1182). The credibility determinations of the hearing court, which had the opportunity to assess the witnesses, are entitled to deference on appeal (see People v Mateo, 2 NY3d 383, 414; People v Vilmont, 216 AD3d 1113, 1114; People v Wilson, 211 AD3d 973, 974).
Here, the evidence adduced at the suppression hearing established that the defendant, after being taken into custody and read Miranda warnings, voluntarily, intelligently, and knowingly waived his Miranda rights. Contrary to the defendant's contention, there was no evidence presented at the hearing to suggest that any purported delay in arraignment was "for the purpose of depriving the defendant of the right to counsel and obtaining an involuntary confession, and that this delay was strategically designed so that an accused could be questioned outside the presence of counsel" (People v Costan, 197 AD3d 716, 721 [internal quotation marks omitted]; see People v Gordon, 226 AD3d 700, 702).
The defendant's contention that the evidence was legally insufficient to establish that his statements to law enforcement officials were made voluntarily is unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19-20; People v Brown, 12 AD3d 524). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the voluntariness of the defendant's statements (see People v Rodriguez, 295 AD2d 456).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d at 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Any error in the admission of the testimony of a detective narrating video surveillance footage was harmless, since even absent the challenged testimony there was overwhelming evidence of the defendant's guilt, including the defendant's videotaped statements identifying himself on the surveillance video and confessing to the shooting (see People v Rodriguez, 172 AD3d 1240, 1242).
The defendant's contention that the Supreme Court improperly precluded him from cross-examining a detective regarding a federal civil action brought against the detective is based in part on matter dehors the record, and not reviewable on direct appeal (see People v Bradshaw, 229 AD3d 563, 563).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Pursuant to the exercise of our interest of justice jurisdiction, we modify the judgment by vacating the mandatory surcharge and fees imposed upon the defendant at sentencing (see CPL 420.35[2—a]; People v Islam, 233 AD3d 798; People v Dillon H., 229 AD3d 722, 723).
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court