■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN TROCHE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.),

rendered January 13, 1987, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant committed the crime of manslaughter in the first degree without justification. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The prosecution's eyewitness testified that, while in the elevator of their apartment building Rosario, her boyfriend, was unarmed and clipping the defendant's apartment key to his belt when the defendant pulled out a knife and stabbed Rosario in the chest. According to the defendant, Rosario refused to return the defendant's key unless the defendant loaned him more money to purchase cocaine. The defendant stated that it appeared that Rosario was reaching for his knife while demanding money, when the defendant pulled out his knife and stabbed Rosario. The only evidence that Rosario had a knife was the testimony of the defendant, whose actions subsequent to the stabbing were inconsistent with a defense of justification, including his flight from the crime scene; his disposal of his knife and Rosario's alleged knife, knowing the latter was exculpatory evidence; and the false alibi defense the defendant proffered on the night of the incident to the arresting officer and an Assistant District Attorney. Resolution of issues of credibility as well as the weight to be accorded to the evidence presented are primarily questions to be resolved by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

The defendant also claims that he was deprived of a fair trial as a result of improper remarks made by the prosecutor in his summation. With one exception, defense counsel failed to object to these purportedly improper remarks. Accordingly, most of these contentions have not been preserved for appellate review (CPL 470.05 [2]). In any event, we conclude that the prosecutor's summation constituted a fair response to defense counsel's summation (see, People v Street, 124 AD2d 841) and his comments pertaining to the incredibility of the defendant's claim to have knowingly disposed of exculpatory evidence did not impermissibly shift to the defendant the

burden of proof on justification (cf., *People v Perez,* 90 AD2d 468, 469). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.