■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK JOHNSON, Appellant. [721 NYS2d 768] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered March 12, 1998, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury could properly reject the self-serving justification claim made in defendant's statements while crediting his admissions made in the same statements that he shot the victim (see, People v Rose, 215 AD2d 875, 876, lv denied 86 NY2d 801).

When the court's sentencing remarks are viewed in context, the record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for reduction of sentence. Concur—Williams, J. P., Tom, Andrias, Lerner and Saxe, JJ.

■ ABRAHAM NOY, Appellant, v 765 9TH AVENUE CORPORATION, Respondent. [721 NYS2d 651] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about December 14, 1999, which denied plaintiff's motion to, inter alia, hold defendant in contempt for willful disobedience of a judgment dated October 11, 1989, and to direct the Sheriff to convey the property at issue by Sheriff's Deed, unanimously affirmed, with costs.

Although plaintiff in 1989 obtained a judgment entitling him to specific performance of the parties' 1986 contract for plaintiff's purchase of defendant's real property located at 765 Ninth Avenue in New York County, plaintiff took no action to enforce the judgment, notwithstanding its inclusion of a self-executing provision, for nearly 10 years, during which time defendant substantially improved the property. Accordingly, in view of the unreasonable and inexcusable delay by plaintiff and the resultant prejudice to defendant, who will suffer a significant forfeiture if the 1986 contract is now specifically enforced, plaintiff's motion was properly denied upon the ground of laches (cf., Macon v Arnlie Realty Co., 207 AD2d 268, 271). Concur—Williams, J. P., Tom, Andrias, Lerner and Saxe, JJ.