■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL L. GILLIAM, Appellant. [752 NYS2d 722] —Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 15, 1995, upon a verdict convicting defendant of the crimes of manslaughter in the first degree and robbery in the first degree.

Defendant inflicted multiple stab wounds on a long-time acquaintance, resulting in the latter's death. He then took $50 in cash which belonged to the victim. As a result, he was indicted on two counts of murder in the second degree and one count of robbery in the first degree. Defendant was convicted of one count each of manslaughter in the first degree and robbery in the first degree and sentenced to concurrent indeterminate prison terms of 8⅓ to 25 years. Defendant appeals, claiming ineffective assistance of counsel, legally insufficient evidence to disprove his defense of self-defense, error in County Court's refusal to charge the lesser included offense of petit larceny, and that the sentence imposed is harsh and excessive.

Defendant has received the effective assistance of counsel when "the evidence, the law and the circumstances of the case, viewed in their totality and as of the time of representation, reveal that the defendant received meaningful representation" (*People v Wright*, 297 AD2d 875, 875; *see People v Benevento*, 91 NY2d 708, 712; *People v Baldi*, 54 NY2d 137, 147). Meaningful representation does not equate to perfect representation (*see People v Driscoll*, 251 AD2d 759, 761, *lvs denied* 92 NY2d 896, 949) and, as a consequence, posttrial disagreement with strategies or tactics adopted by counsel will not suffice to establish the requisite deprivation (*see People v Benn,* 68 NY2d 941, 942). Here, defendant's attorney made the appropriate pretrial motions, competently performed at trial as demonstrated by his adequate opening and closing arguments to the jury, presented logical defenses to the various counts of the indictment, made numerous effective objections and extensively cross-examined the People's witnesses. Tellingly, his efforts convinced the jury that defendant was not guilty of murder in the second degree. On this record, we do not find that counsel was ineffective.

We next address defendant's contention that County Court committed error by refusing to charge petit larceny as a lesser included offense of robbery in the first degree. To be entitled to a charge of a lesser included offense, defendant must establish two elements: first, that it is impossible to commit the greater offense without concomitantly committing the lesser offense (*see* CPL 1.20 [37]; *People v Mitchell*, 288 AD2d 622, 624, *lvs*

*denied* 97 NY2d 758, 98 NY2d 699) and, second, that "there is a reasonable view of the evidence which would support the finding that the defendant committed the lesser offense but not the greater" (*People v Wheeler*, 109 AD2d 169, 170, *affd* 67 NY2d 960). Here, the People concede that the first element is satisfied, i.e., that it is theoretically impossible to commit the crime of robbery in the first degree without also committing the lesser offense of petit larceny (*see People v Atkins*, 91 AD2d 507). With respect to the second element, we agree with County Court that no reasonable view of the evidence would logically support a finding that defendant committed the offense of petit larceny, but not the greater offense of robbery in the first degree. Defendant's assertion hinges on his claim that a reasonable view of the evidence reveals that the death occurred while he was acting in self-defense and that the admitted larceny therefore did not occur in furtherance of a robbery. Therefore, defendant's claim prevails only if the trial evidence was legally insufficient to disprove his claim of self-defense.

On this issue, we view the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), and give the benefit of every reasonable inference flowing from the evidence to the People to see if they have submitted legally sufficient evidence to disprove defendant's claim of self-defense beyond a reasonable doubt. In criminal matters, evidence is said to be legally sufficient when, viewed in a light most favorable to the People, such evidence supports the conclusion of a rational finder of fact that every element of the offense charged has been proven beyond a reasonable doubt (*see People v Mitchell*, 289 AD2d 776, 779, *lv denied* 98 NY2d 653). Here, while defendant's trial testimony was that he was attacked by the victim who was much larger than himself, and that he used the knife to defend himself, defendant's own testimony establishes that he stole money from the victim after inflicting multiple stab wounds which resulted in the victim's death. Moreover, the People presented two witnesses who testified that defendant admitted to them that he killed the victim for reasons other than self-defense. The People also presented the testimony of a pathologist who testified that the victim had several "defensive wounds" which occurred while he was trying to ward off his attacker. Also, the People presented testimony of the investigating officers which contradicted defendant's testimony about the location in defendant's apartment where the fight actually took place. As the jury could consider all of the evidence and contrast it against the claim of self-defense which was supported only by defendant's testimony, we conclude that the evidence supports the jury's determination

that defendant's claim of self-defense was disproven beyond a reasonable doubt. Accordingly, we conclude that County Court properly refused to include in its charge the lesser included offense of petit larceny.

Finally, defendant's challenge to the sentence imposed is unpersuasive. Although defendant was sentenced to the maximum allowable for each crime (*see* Penal Law § 70.02 [3] [a]), each sentence is within the requisite statutory parameters and will not be disturbed absent a showing that the sentencing court abused its discretion or that extraordinary circumstances exist in the record which warrant modification (*see People v Bell*, 290 AD2d 729, 730; *People v Mitchell, supra* at 780; *People v David*, 263 AD2d 615). Here, due to the senseless, brutal nature of the crime and the information contained in the presentence investigation report, we find no abuse of discretion or extraordinary circumstances. Accordingly, we find no basis upon which to disturb the sentence imposed (*see People v Hart*, 266 AD2d 584, 586, *lv denied* 94 NY2d 903).

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.