As the People correctly concede, defendant was improperly sentenced as a persistent violent felony offender on the conviction for criminal possession of a weapon in the third degree under Penal Law § 265.02 (3), which relates to defaced weapons, since weapon possession under that subdivision is not classified as a violent felony (Penal Law § 70.02 [1] [c]), and we reduce the sentence accordingly. The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for any other reduction of sentence.

The court properly denied defendant's motion to vacate judgment. The record establishes that defendant received effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental submissions. Concur—Nardelli, J.P., Tom, Andrias, Rosenberger and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY FLUELLEN, Appellant. [769 NYS2d 259]—

Judgment, Supreme Court, Bronx County (Margaret Clancy, J.), rendered May 21, 2001, convicting defendant, after a jury trial, of burglary in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, and sentencing him to concurrent terms of 11 years, 5 years, and 2¹/₃ to 7 years, respectively, unanimously affirmed.

The verdict convicting defendant of first-degree reckless endangerment was based on legally sufficient evidence and was not against the weight of the evidence. The evidence permitted the jury to reasonably conclude that, during a struggle with the victim, defendant squeezed the trigger of his weapon and fired a shot, and that the weapon did not merely discharge as the result of the victim's actions. Defendant's conduct evinced depraved indifference to the life of the victim and created a grave risk of death (*see People v Sanchez*, 98 NY2d 373 [2002]).

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's cross-examination of a defense witness concerning an unrelated murder. Defendant did not request the prosecutor to establish a good faith basis for this line of questioning (*see People v Kuss*, 32 NY2d 436, 443-444 [1973], *cert denied* 415 US 913 [1974]). In any event, the court cut off the inquiry before it reached the point of causing any undue prejudice. Defendant's remaining challenges to the cross-examination of this witness are unpreserved (*see People v Harris*, 98 NY2d 452, 492 [2002]; *People v Gonzalez*, 55 NY2d 720 [1981]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged inquiries were permissible.

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Tom, Andrias, Rosenberger and Friedman, JJ.