■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAKE BROOKS, JR., Appellant. [819 NYS2d 810]—

Kane, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 21, 2004, upon a verdict convicting defendant of the crimes of manslaughter in the second degree and tampering with physical evidence.

Defendant stabbed the victim in the chest in a night club parking lot, then fled the scene and disposed of the knife in a storm sewer. He asserts that he stabbed the victim in self-defense because he believed that the victim had a gun. The jury acquitted defendant of manslaughter in the first degree and criminal possession of a weapon in the third degree, but convicted him of manslaughter in the second degree and tampering with evidence. County Court sentenced him to an aggregate prison term of 7½ to 15 years. Defendant appeals, contending that the People failed to disprove justification beyond a reasonable doubt and that his sentence was excessive. We disagree with both arguments.

Viewing the evidence in a light most favorable to the People and giving them the benefit of every reasonable inference flowing from the evidence, defendant's claim of self-defense was disproved beyond a reasonable doubt by legally sufficient evi-

dence (*see* Penal Law § 25.00 [1]; § 35.00; *People v McManus*, 67 NY2d 541, 546-547 [1986]; *People v Gilliam*, 300 AD2d 701, 702 [2002], *lv denied* 99 NY2d 628 [2003]). A justification defense is established for the use of deadly physical force where the defendant reasonably believed that such force was necessary to protect himself or herself from what he or she reasonably believed was the use or imminent use of deadly physical force by the other person (*see* Penal Law § 35.15). Here, while defendant testified that he reasonably believed that the victim came at him with a gun, the evidence failed to establish that it was reasonable for him to hold this belief (*compare People v Reeder*, 209 AD2d 551, 551-552 [1994], *lv denied* 85 NY2d 913 [1995]). The jury had the opportunity to consider all the evidence and contrast it with the self-defense claim which was supported only by defendant's testimony, which was partially internally inconsistent and inconsistent with his grand jury testimony, his statement to police and the testimony of other witnesses. Thus, the jury's conclusion rejecting the justification defense was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Gilliam, supra* at 702; *People v Reeder, supra* at 551-552; *People v Troche*, 147 AD2d 513, 514 [1989], *lv denied* 73 NY2d 1022 [1989]).

Considering defendant's senseless killing of another person by stabbing him with a kitchen knife that he brought to the night club from his home, together with his history of violence and criminal behavior, the sentence was not excessive (*see People v King*, 293 AD2d 815, 817-818 [2002], *lv denied* 98 NY2d 698 [2002]).

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.