■ The People of the State of New York, Respondent, v Craig W. Scharpf, Appellant. [874 NYS2d 322]—

Rose, J. Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered June 19, 2007, upon a verdict convicting defendant of the crimes of assault in the first degree,

criminal possession of a weapon in the third degree, intimidating a victim or witness in the third degree and aggravated harassment in the second degree (two counts).

After allegedly striking the victim with a baseball bat, causing serious head injuries and later making threats against a witness to the incident, defendant was charged with assault in the first degree, criminal possession of a weapon in the third degree, aggravated harassment in the second degree (two counts) and intimidating a witness in the third degree. Defendant did not testify at his jury trial, but his counsel argued that he had acted in self-defense as shown by certain statements he had made to police at the scene and in a recording of the witness's 911 call. The jury convicted defendant on all counts and he was sentenced as a second felony offender to concurrent and consecutive prison terms, the longest of which is 15 years. County Court also ordered restitution in the amount of $29,655.62 for the victim's medical expenses. Defendant now appeals.

We are not persuaded by defendant's contention that the People failed to disprove his justification defense to the assault charge. Justification for the use of deadly physical force could have been established here if defendant reasonably believed that such force was necessary to prevent a burglary of his dwelling or to protect himself from the use or imminent use of deadly physical force by the victim (see Penal Law § 35.15 [1]; § 35.20 [3]). Although defendant's counsel argued that defendant had reasonably believed that the victim was attempting to break into his house and was about to attack him, defendant's statements at the scene showed that defendant had denied touching the victim and claimed instead that the victim had fallen and struck his head on a pipe located near defendant's front door. The police found no evidence corroborating defendant's later claim that the victim had broken a window in his door, which would have suggested an attempted burglary. Nor was the victim's blood found near the pipe. Instead, it was found some distance away on the driveway where a witness testified that defendant had ambushed the victim and struck him twice in the head with a baseball bat before the victim had reached the house or made any contact with defendant. Thus, the defense of justification was inconsistent with defendant's statements and unsupported by the physical evidence.

In any event, the People presented other evidence through the testimony of the witness and the investigating police officers that the victim had been unarmed, that he had not reached the doorway or broken into defendant's home, and that defendant struck the victim with the bat before the victim made any

contact with defendant. Because this evidence contradicted defendant's justification defense, and it was for the jury to assess the credibility of the People's witnesses, we conclude that the jury's rejection of that defense is supported by legally sufficient evidence and is not against the weight of the evidence (*see People v Gilliam*, 300 AD2d 701, 702 [2002], *lv denied* 99 NY2d 628 [2003]; *People v Reeder*, 209 AD2d 551, 551-552 [1994], *lv denied* 85 NY2d 913 [1995]; *People v Troche*, 147 AD2d 513, 514 [1989], *lv denied* 73 NY2d 1022 [1989]).

Nor did County Court err by instructing the jury on defendant's consciousness of guilt. The testimony at trial established that defendant tried to avoid police detection by staying away from his home after the incident and deceiving the police into believing that he had left the area. He was finally arrested when he was found hiding in his sister's garage. This evidence justified the consciousness of guilt charge given here (*see People v Young*, 51 AD3d 1055, 1056-1057 [2008], *lv denied* 11 NY3d 796 [2008]; *People v Carney*, 23 AD3d 772, 774-775 [2005]).

We also are unpersuaded by defendant's contention that, in considering his CPL 330.30 motion, County Court erred in rejecting his argument that the distance between Essex County and the place of his incarceration had deprived him of the effective assistance of counsel before trial. Due to overcrowding at the local jail, defendant was held in a neighboring county approximately 75 miles from his counsel's office. While this distance was an inconvenience, the record reflects that defendant had numerous telephone conversations and other contact with his counsel, and County Court facilitated this contact by having defendant retained in Essex County at certain stages of the proceedings. In these circumstances, the inconvenience of a two-hour drive for counsel to visit defendant in jail was not shown to constitute a deprivation of his right to counsel (*see United States v Lucas*, 873 F2d 1279, 1280-1281 [1989]; *United States v Echeverri*, 1992 WL 81876, *2, 1992 US Dist LEXIS 22488, *5-6 [ED NY, Mar. 31, 1992, Hurley, J.]).

Finally, we have considered defendant's remaining contentions, and find them to be without merit.

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.