■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL BROWN, Appellant. [888 NYS2d 504]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 7, 2008, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 22 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the manslaughter conviction from 22 years to 20 years, and on the law, to the extent of remanding for the purpose of clarifying whether the sentence actually pronounced on the weapon conviction was 10 years or five years, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see*

*People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its resolution of inconsistencies in testimony. Defendant's guilt was established by his companion's testimony, which was corroborated by other proof tending to verify his account of the incident, as well as by consciousness-of-guilt evidence. The evidence also fails to support defendant's assertion that a second gunman may have fired the fatal shot.

Defendant's challenges to the prosecutor's opening statement and summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that although certain of the prosecutor's remarks reflect a deplorable attempt to appeal to the emotions of the jury, they were not so egregious as to warrant reversal (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We find the sentence on the manslaughter conviction excessive to the extent indicated. In addition, there is a disparity between the sentencing minutes, which reflect a five-year term for the weapon conviction, and the commitment sheet, which reflects a 10-year term. Although the transcript would normally be controlling, the surrounding circumstances warrant an inference that it may be in error. We therefore remand for further proceedings, for the sole purpose of clarifying what sentence the court actually pronounced, and correcting either the record or the commitment sheet. Concur—Gonzalez, P.J., Saxe, McGuire, Acosta and Roman, JJ.