■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATASHA SEDUNOVA, Appellant. [922 NYS2d 134]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered April 16, 2009, convicting her of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her videotaped statement.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress her videotaped statement is granted, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury (see People v Gonzalez, 61 NY2d 633 [1983]; People v Beslanovics, 57 NY2d 726 [1982]); and it is further,

Ordered that after service upon him of a copy of this decision and order, the official having custody of the defendant's person is directed to produce her, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on her own recognizance or fixing bail or committing her to the custody of the New York City Department of Correction pending resubmission of the case to a grand jury and the grand jury's disposition thereof (cf. CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the Supreme Court by the People that they do not intend to resubmit the case to a grand jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a grand jury, (c) the filing with the Supreme Court of a grand jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a grand jury.

The defendant's contention that the evidence was legally insufficient to disprove her justification defense beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Walker, 78 AD3d 1082, 1083 [2010]; People v Bianco, 51 AD3d 940, 940 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove

the defendant's justification defense (*see People v Brooks*, 32 AD3d 616, 617 [2006]; *People v Johnson*, 281 AD2d 232 [2001]; *People v Rose*, 215 AD2d 875, 876 [1995]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the jury's rejection of the justification defense was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, we agree with the defendant's contentions that the hearing court should have granted that branch of her omnibus motion which was to suppress her videotaped statement. The relevant facts are as follows: On the morning of September 5, 2004, the defendant summoned the police to the apartment she shared with her husband. She initially informed them that when she awoke she found her husband lying face down unconscious on the floor. As part of their preliminary investigation, the police transported her to the local precinct station house. At the station house, prior to the administration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), the defendant made several inculpatory statements to detectives during the course of a 20-minute conversation that began at 2:00 P.M. After the detectives advised the defendant of her constitutional rights at about 2:20 P.M., the defendant completed a written statement, which also included inculpatory statements. There is no indication as to how long it took for the defendant to finish her written statement. At approximately 4:40 P.M., the defendant was also interviewed on videotape by an assistant district attorney (hereinafter the ADA) following another administration of *Miranda* warnings.

Although the hearing court suppressed her statement made prior to the administration of *Miranda* warnings and determined that her written statement was inadmissible on the ground that it was tainted by her prior unwarned statement, the hearing court also should have suppressed her videotaped statement. Where, as here, a defendant in custody has made inculpatory statements without the benefit of *Miranda* warnings, statements made after the administration of *Miranda* warnings are admissible only if there is a definite, pronounced break in questioning sufficient to return the defendant to the status of one who is not under the influence of questioning (*see People v Paulman*, 5 NY3d 122, 130-131 [2005]; *People v Chapple*, 38 NY2d 112, 115 [1975]). Given the relatively brief time differential between the *Miranda* violation and the subsequent statements, the evidence indicating that the defendant remained continuously in the presence of the detectives from the time she made her pre-*Miranda* statements until the completion of the

ADA's videotaped interview, and the fact that the statements appear to have all been made in the same location, there was no definite pronounced break in the interrogation (*see People v Celleri*, 29 AD3d 707, 708 [2006]; *People v Kollar*, 305 AD2d 295, 299-300 [2003]).

We further note that the this Court may not review the People's alternative argument that the videotaped statement was admissible because the hearing court erroneously suppressed the defendant's statement made prior to the administration of *Miranda* warnings (*see* CPL 470.15 [1]; *People v LaFontaine*, 92 NY2d 470, 474 [1998]; *People v Goodfriend*, 64 NY2d 695, 697-698 [1984]).

Moreover, the erroneous admission of the defendant's videotaped statement was not harmless. Here, the evidence of the defendant's guilt without regard to the error was not overwhelming, as the videotaped statement was a primary part of the People's case (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Kollar*, 305 AD2d at 300).

As the defendant was acquitted of murder in the second degree, double jeopardy precludes a retrial on that count of the indictment (*see People v Gonzalez*, 61 NY2d at 635). Moreover, since the defendant was convicted of manslaughter in the first degree as a lesser-included offense of the murder count of the indictment, the indictment should be dismissed with leave to the People to re-present any appropriate charges to another grand jury. (*id.* at 634; *see People v Beslanovics*, 57 NY2d at 727).

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur. **[Prior Case History: 22 Misc 3d 1133(A), 2009 NY Slip Op 50413(U).]**