Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered February 14, 2011, convicting him of manslaughter in the first degree and assault in the first degree (three counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The evidence was legally sufficient to disprove the defendant’s justification defense (see People v Contes, 60 NY2d 620, 621 [1983]; People v Sedunova, 83 AD3d 965, 966-967 [2011]; People v Brooks, 32 AD3d 616, 616-617 [2006]). Moreover, upon our independent review of the evidence pursuant to CEL 470.15 (5), we are satisfied that the jury’s rejection of that defense was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Sedunova, 83 AD3d at 967).
On cross-examination, the prosecutor asked the defendant whether he knew that a certain person had “turned [him] into the police.” This question was clearly improper, but the court *685 immediately intervened and subsequently delivered a strong and unequivocal curative instruction. These ameliorative actions ensured that the prosecutor’s improper question did not deprive the defendant of a fair trial (see CPL 470.15 [4] [a]; People v Ross, 104 AD3d 878, 880 [2013]; People v Rich, 78 AD3d 1200, 1201 [2010]; People v Fluellen, 2 AD3d 286, 287 [2003]). The defendant’s contentions regarding the prosecutor’s conduct on summation are unpreserved for appellate review inasmuch as he did not object to the comments he now claims were improper (see CPL 470.05 [2]; People v Alexander, 100 AD3d 649, 649-650 [2012]). In any event, those comments were either fair response to defense counsel’s summation, fair comment on the evidence, or permissible rhetoric (see People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Whitehurst, 70 AD3d 1057, 1058 [2010]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Eng, P.J., Balkin, Leventhal and Miller, JJ., concur.