Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered May 3, 2011, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.
*674 Ordered that the judgment is affirmed.
The defendant contends that various questions and remarks made by the prosecutor during voir dire, opening statement, and summation were improper and deprived him of a fair trial. The challenged comments and questions during voir dire either were not improper (see CPL 270.15 [1] [c]; People v Dashosh, 59 AD3d 731, 731 [2009]; see generally People v Jean, 75 NY2d 744, 745 [1989]; People v Boulware, 29 NY2d 135, 140-141 [1971], cert denied 405 US 995 [1972]), or were appropriately addressed by the Supreme Court, thereby alleviating any prejudice to the defendant (see People v Guay, 72 AD3d 1201, 1203 [2010]; People v Varmette, 70 AD3d 1167, 1168 [2010]). Moreover, most of the challenged remarks during summation constituted fair comment on the evidence, were responsive to arguments made by the defense, or remained within the “broad bounds of rhetorical comment permissible in closing arguments” (People v Galloway, 54 NY2d 396, 399 [1981]; see People v Burgos, 97 AD3d 689, 690 [2012]; People v Martinez, 95 AD3d 462, 462 [2012]; People v Dunbar, 74 AD3d 1227, 1228 [2010]). Although the challenged comment during the prosecutor’s opening statement and some of the remarks during summation were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Ward, 106 AD3d 842, 843 [2013]; People v Persaud, 98 AD3d 527, 529 [2012]; People v Porco, 71 AD3d 791, 794 [2010], affd 17 NY3d 877, cert denied 566 US —, 132 S Ct 1860 [2012]; People v Brown, 67 AD3d 523, 524 [2009]). Thus, a new trial is not warranted.
Contrary to the defendant’s contention, certain communications made by a court officer to a juror were purely ministerial in nature (see People v Guardino, 62 AD3d 544, 546 [2009], affd sub nom. People v Hecker, 15 NY3d 625 [2010], cert denied sub nom., Black v New York, 563 US —, 131 S Ct 2117 [2011]; People v Alicea, 272 AD2d 241, 242 [2000]; People v Torres, 174 AD2d 586, 586-587 [1991]). Accordingly, there was no improper delegation of judicial authority and the defendant’s presence was not required when the court officer spoke to the juror (see People v Bonaparte, 78 NY2d 26, 30-31 [1991]; People v Dargan, 101 AD3d 1143, 1143-1144 [2012]; People v Miller, 57 AD3d 568, 569 [2008]; People v Vasquez, 2 AD3d 759, 760 [2003]).
The defendant’s contention that reversal is required because the Supreme Court took the verdict in his absence is without merit. Although a defendant has a fundamental right to be present at all material stages of his or her trial, including the rendering of the verdict (see CPL 310.40 [1]; People v Febo, 210 AD2d 251, 252 [1994]), he or she may forfeit that right by *675 deliberately absenting himself or herself from the proceedings (see People v Brooks, 75 NY2d 898, 899 [1990]; People v Sanchez, 65 NY2d 436, 443-444 [1985]). The record supports the court’s determination that the defendant’s absence at the time his trial reconvened and the jury rendered the verdict was deliberate (see People v Collins, 29 AD3d 434, 434 [2006]) and that, therefore, his conduct “unambiguously indicate [d] a defiance of the processes of law sufficient to effect a forfeiture” (People v Sanchez, 65 NY2d at 444; see People v Traylor, 74 AD3d 1251, 1252 [2010]; cf. People v Lamb, 235 AD2d 829, 829 [1997]).
Rivera, J.E, Leventhal, Austin and Roman, JJ., concur.