Appeal by the defendant from a judgment of the Supreme Court, Putnam County (Warhit, J.), rendered August 10, 2012, convicting him of murder in the second degree and rape in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Prior to trial, the Supreme Court held a hearing on the defendant’s motion to introduce at trial certain evidence of alleged third-party culpability. Contrary to the defendant’s contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying his motion to introduce the proffered evidence (see People v Schulz, 4 NY3d 521, 528-529 [2005]; People v Primo, 96 NY2d 351 [2001]; People v West, 86 AD3d 583, 584-585 [2011]; People v Montanez, 78 AD3d 1198, 1199 [2010]; People v Rodriguez, 295 AD2d 456 [2002]; People v Otero, 288 AD2d 67, 67-68 [2001]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to murder in the second degree and rape in the first *1077 degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, he was not deprived of a fair trial by the admission of evidence that a defense investigator allegedly attempted to bribe a prosecution witness. Since the jury is presumed to have followed the trial court’s prompt instruction that there was no evidence that the defendant authorized the attempted bribe, such testimony did not provide a basis for the drastic remedy of a mistrial (see generally People v Santiago, 52 NY2d 865, 866 [1981]; People v Leon, 98 AD3d 1065 [2012]; People v Thompson, 81 AD3d 670, 673 [2011]; People v Heath, 70 AD3d 857, 857 [2010]).
Defense counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147 [1981]). The failure of counsel to take certain actions did not constitute ineffective assistance of counsel, as defense counsel could not have been ineffective for failing to advance motions or arguments that had no chance of success (see People v Caban, 5 NY3d 143, 152 [2005]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are unpreserved for appellate review, and in any event, without merit.
Balkin, J.R, Dickerson, Leventhal and Roman, JJ., concur.