THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DAVIDSON, Appellant. [998 NYS2d 103]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Peck, J.), rendered July 2, 2013, convicting him of criminal possession of a weapon in the second degree (two counts) and attempted assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, two inappropriate comments by the prosecutor during voir dire did not deprive him of a fair trial. Any prejudice to the defendant was alleviated, since the challenged comments were promptly addressed by the trial court with appropriate instructions (*see People v Fields*, 115 AD3d 673, 674 [2014]; *People v Thibeault*, 73 AD3d 1237, 1242 [2010]; *People v Varmette*, 70 AD3d 1167, 1168 [2010]).

The Supreme Court properly denied the defendant's *Batson* challenges (*see Batson v Kentucky*, 476 US 79 [1986]) to the prosecutor's exercise of peremptory challenges to exclude four prospective African-American jurors. The Supreme Court's determination that the facially neutral explanations provided by the prosecutor for excluding these prospective jurors were not pretextual, which is entitled to great deference on appeal, is supported by the record (*see Snyder v Louisiana*, 552 US 472, 477 [2008]; *People v Hecker*, 15 NY3d 625, 663-665 [2010]; *People v Hurdle*, 106 AD3d 1100, 1101 [2013]; *People v Smith*, 98 AD3d 533, 534 [2012]; *People v Ross*, 83 AD3d 741, 741-742 [2011]).

The Supreme Court also properly denied the defendant's motion for a mistrial based upon an improper question posed by the prosecutor to a defense witness during cross-examination. In this regard, the Supreme Court promptly cut off the inquiry and offered a proper curative instruction that served to ameliorate any prejudicial effect that may have resulted (*see People v Santiago*, 52 NY2d 865, 866 [1981]; *People v DiPippo*, 117 AD3d 1076, 1077 [2014]; *People v Rich*, 78 AD3d 1200, 1201 [2010]; *People v Fluellen*, 2 AD3d 286, 287 [2003]).

While the prosecutor made an improper comment in summation suggesting that the jury was precluded from hearing certain

evidence due to defense counsel's objection, the comment was sufficiently addressed by the Supreme Court's instructions to the jury, and did not deprive the defendant of a fair trial (*see People v Fields*, 115 AD3d at 674; *People v Flowers*, 102 AD3d 885, 886 [2013]; *People v Ferrara*, 220 AD2d 612, 613 [1995]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.